B. James Fitzpatrick (SBN: 129056)
Charles Swanston (SBN: 181882)
Laura L. Franklin (SBN: 282642)
**FITZPATRICK & SWANSTON**
555 S. Main Street
Salinas, CA 93901
Telephone: (831) 755-1311
Facsimile: (831) 755-1319

Larry W. Lee (State Bar No. 228175)
Max W. Gavron (State Bar No. 291697)
**DIVERSITY LAW GROUP, P.C.**
515 S. Figueroa Street, Suite 1250
Los Angeles, CA 90071
(213) 488-6555
(213) 488-6554 facsimile

Attorneys for Plaintiffs,
SIONE FUAPAU, ALFREDO GODINEZ, GABRIEL MENDOZA,
MANUEL VACA, MICHAEL NAU, ANTONIO GUZMAN, JESUS GUERRERO,
IVAN PACHECO, and MIGUEL REYES, JR.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SIONE FUAPAU, ALFREDO GODINEZ, GABRIEL MENDOZA, MANUEL VACA, MICHAEL NAU, ANTONIO GUZMAN, JESUS GUERRERO, IVAN PACHECO, and MIGUEL REYES, JR., <br><br> Plaintiffs, <br><br> v. <br><br> LHOIST NORTH AMERICA OF ARIZONA, INC.; and DOES 1 through 50, inclusive, <br><br> Defendants. | Case No. 20-cv-04404-VKD <br><br> **FIRST AMENDED COMPLAINT FOR DAMAGES AND FOR INJUNCTIVE RELIEF** <br><br> **INDIVIDUAL AND CLASS ACTION AND PRIVATE ATTORNEYS GENERAL ACT OF 2004 ACTION** <br><br> **DEMAND FOR JURY TRIAL** |

Plaintiffs SIONE FUAPAU, ALFREDO GODINEZ, GABRIEL MENDOZA, MANUEL VACA, MICHAEL NAU, ANTONIO GUZMAN, JESUS GUERRERO, IVAN PACHECO, and MIGUEL REYES, JR. (collectively referred to herein as "Plaintiffs"), on behalf of themselves and all other similarly situated current and former employees of the above-captioned Defendants, hereby complain and allege as follows:

-1-

1.      Plaintiff SIONE FUAPAU ("FUAPAU") is a competent adult who is, and at all times mentioned in this complaint has been, a resident of Monterey County, California.  FUAPAU has been employed by Defendants from approximately March 2017 through the present, pursuant to an unwritten contract, some of the terms of which were the product of an oral agreement, with other terms implied from or incorporated from written materials and policies maintained by Defendants and from the conduct of the parties. The terms of this contract included working as a non-exempt employee, and at all times as an employee not exempted from the California Labor Code.  FUAPAU is, and at all relevant times was, an individual as defined in Business and Professions Code §§ 17201 and 17204.

2.      Plaintiff ALFREDO GODINEZ ("GODINEZ") is a competent adult who is, and at all times mentioned in this complaint has been, a resident of Monterey County, California. GODINEZ has been employed by Defendants from approximately November 2003 through the present, pursuant to an unwritten contract, some of the terms of which were the product of an oral agreement, with other terms implied from or incorporated from written materials and policies maintained by Defendants and from the conduct of the parties. The terms of this contract included working as a non-exempt employee, and at all times as an employee not exempted from the California Labor Code.  GODINEZ is, and at all relevant times was, an individual as defined in Business and Professions Code §§ 17201 and 17204.

3.      Plaintiff GABRIEL MENDOZA ("MENDOZA") is a competent adult who is, and at all times mentioned in this complaint has been, a resident of Monterey County, California. MENDOZA was employed by Defendants from approximately August 2001 through May 19, 2020, pursuant to an unwritten contract, some of the terms of which were the product of an oral agreement, with other terms implied from or incorporated from written materials and policies maintained by Defendants and from the conduct of the parties. The terms of this contract included working as a non-exempt employee, and at all times as an employee not exempted from the California Labor Code.  MENDOZA is, and at all relevant times was, an individual as defined in Business and Professions Code §§ 17201 and 17204.

4.      Plaintiff MANUEL VACA ("VACA") is a competent adult who is, and at all times

-2-

mentioned in this complaint has been, a resident of Monterey County, California. VACA has been employed by Defendants from approximately February 2002 through the present, pursuant to an unwritten contract, some of the terms of which were the product of an oral agreement, with other terms implied from or incorporated from written materials and policies maintained by Defendants and from the conduct of the parties. The terms of this contract included working as a non-exempt employee, and at all times as an employee not exempted from the California Labor Code. VACA is, and at all relevant times was, an individual as defined in Business and Professions Code §§ 17201 and 17204.

5.      Plaintiff MICHAEL NAU ("NAU") is a competent adult who is, and at all times mentioned in this complaint has been, a resident of Monterey County, California. NAU has been employed by Defendants from approximately April 2006 through the present, pursuant to an unwritten contract, some of the terms of which were the product of an oral agreement, with other terms implied from or incorporated from written materials and policies maintained by Defendants and from the conduct of the parties. The terms of this contract included working as a non-exempt employee, and at all times as an employee not exempted from the California Labor Code. NAU is, and at all relevant times was, an individual as defined in Business and Professions Code §§ 17201 and 17204.

6.      Plaintiff ANTONIO GUZMAN ("GUZMAN") is a competent adult who is, and at all times mentioned in this complaint has been, a resident of Monterey County, California. GUZMAN has been employed by Defendants from approximately January 2014, through the present, pursuant to an unwritten contract, some of the terms of which were the product of an oral agreement, with other terms implied from or incorporated from written materials and policies maintained by Defendants and from the conduct of the parties. The terms of this contract included working as a non-exempt employee, and at all times as an employee not exempted from the California Labor Code. GUZMAN is, and at all relevant times was, an individual as defined in Business and Professions Code §§ 17201 and 17204.

7.      Plaintiff JESUS GUERRERO ("GUERRERO") is a competent adult who is, and at all times mentioned in this complaint has been, a resident of Monterey County, California.

-3-

*Fuapau v. Lhoist North America of Arizona, Inc.*          First Amended Complaint; Demand for Jury Trial
Case No. 20-cv-04404-VKD

GUERRERO has been employed by Defendants from approximately December 2017, through the present, pursuant to an unwritten contract, some of the terms of which were the product of an oral agreement, with other terms implied from or incorporated from written materials and policies maintained by Defendants and from the conduct of the parties. The terms of this contract included working as a non-exempt employee, and at all times as an employee not exempted from the California Labor Code.  GUERRERO is, and at all relevant times was, an individual as defined in Business and Professions Code §§ 17201 and 17204.

8.    Plaintiff IVAN PACHECO ("PACHECO") is a competent adult who is, and at all times mentioned in this complaint has been, a resident of Monterey County, California.  PACHECO has been employed by Defendants from approximately March 2001, through the present, pursuant to an unwritten contract, some of the terms of which were the product of an oral agreement, with other terms implied from or incorporated from written materials and policies maintained by Defendants and from the conduct of the parties. The terms of this contract included working as a non-exempt employee, and at all times as an employee not exempted from the California Labor Code. PACHECO is, and at all relevant times was, an individual as defined in Business and Professions Code §§ 17201 and 17204.

9.    Plaintiff MIGUEL REYES, JR., ("REYES") is a competent adult who is, and at all times mentioned in this complaint has been, a resident of Monterey County, California.  REYES has been employed by Defendants from approximately August 2015, through the present, pursuant to an unwritten contract, some of the terms of which were the product of an oral agreement, with other terms implied from or incorporated from written materials and policies maintained by Defendants and from the conduct of the parties. The terms of this contract included working as a non-exempt employee, and at all times as an employee not exempted from the California Labor Code.  REYES is, and at all relevant times was, an individual as defined in Business and Professions Code §§ 17201 and 17204.

10.    Defendant LHOIST NORTH AMERICA OF ARIZONA, INC. ("LHOIST"), is, and at all times mentioned in this complaint has been, a corporation incorporated under the laws of the State of Arizona.  Defendant LHOIST has expressly consented to jurisdiction in California, and

-4-

Plaintiffs are informed and believe and thereon allege that Defendant LHOIST has purposefully availed itself of the privileges and benefits of doing business in the County of Monterey, State of California, and thus is subject to jurisdiction in the State of California.

11.     Plaintiffs are ignorant of the true names, identities, capacities and relationships of the Defendants sued herein as DOES 1 through 50, inclusive, and therefore sues these Defendants by such fictitious names. Plaintiffs are informed and believe, and thereon allege, that each of these fictitiously named Defendants are responsible in some manner for the occurrences herein alleged, and that Plaintiffs' and the Class Members' damages as herein alleged were proximately caused by DOES 1 through 50. Plaintiffs will amend this Complaint to allege the true names and capacities of said DOE Defendants when such information is ascertained. Each reference to "Defendants," and each reference to any particular Defendant herein, shall be construed to refer to all Defendants, including, but not limited to, all of those fictitiously named herein as a "DOE" Defendant, and each of them.

12.     Plaintiffs are informed and believe, and thereon allege, that each of the Defendants herein was at all times relevant to this action the agent, employee, representative, partner, and/or joint venturer of the remaining Defendants, and each of them, and that each of the Defendants herein was at all times acting within the course and scope of that relationship. Plaintiffs are further informed and believe, and thereon allege, that each of the Defendants herein consented to, ratified, and/or authorized the acts of each of the remaining Defendants herein. The conduct of each of the Defendants was at all times herein in accordance with and represents the official policy of Defendants. Additionally, at all times herein mentioned, Defendants, and each of them, aided and abetted the acts and omissions of each and all of the other Defendants, which proximately caused the damages herein alleged. Plaintiffs are further informed and believe and thereon allege that all of the Defendants jointly employed the Plaintiffs and the Class Members herein and/or carried out a joint scheme, business plan and/or uniform policy, and the acts and omissions of each Defendant are legally attributable to the other Defendants such that they are deemed a single integrated enterprise and agents of one another so that all Defendants are each jointly and severally liable for the acts and omissions hereinafter alleged.

13.    Defendants LHOIST NORTH AMERICA OF ARIZONA, INC., and DOES 1 through 50 (collectively referred to herein as "Defendants") are, and at all times herein were, "persons" as defined in California Business and Professions Code § 17201.

14.    At all times herein, Defendants directly or indirectly, or through an agent or representative, exercised control over the wages, hours and/or working conditions of Plaintiffs and the Class Members, and directly or indirectly or through an agent or other person engaged, suffered, or permitted Plaintiffs and the Class Members to work.

## ADMINISTRATIVE PROCEEDINGS

15.    Pursuant to California Labor Code § 2699.3, Plaintiffs FUAPAU, GODINEZ, MENDOZA, and VACA gave written notice on November 12, 2019, by electronic filing with the Labor and Workforce Development Agency ("LWDA"), and by certified mail to Defendants of the factual and legal basis for the labor law violations alleged in this Complaint.  Prior to filing this Complaint, Plaintiffs allowed 65 days to lapse for the LWDA to investigate such violations.

16.    On or about December 23, 2019 Defendant LHOIST submitted a notice to the LWDA, stating that it had allegedly cured any violations of California Labor Code § 226(a)(8) and suggesting that this alleged cure precluded Plaintiffs from commencing any civil action pursuant to PAGA.  On  January 20, 2020, Plaintiffs submitted a cure dispute letter to the LWDA providing additional facts, legal authority, and exemplar documents supporting Plaintiffs' PAGA claims. LHOIST was given an opportunity to perfect its cure and it attempted to do so with a supplemental declaration submitted to the LWDA on or about February 4, 2020.  In its "Decision on Cure Dispute" letter dated February 5, 2020, the LWDA stated its determination that LHOIST had cured the alleged violations of California Labor Code § 226(a)(8) (i.e., corrections to the employer's name and address on wage statements), adding: "The LWDA takes no position on the merits of any other alleged violation."

17.    Pursuant to California Labor Code § 2699.3, Plaintiffs seek all applicable penalties for violations which the LWDA has failed or elected not to investigate and/or failed or elected not to issue a citation.  Plaintiffs have exhausted all administrative remedies required by the LWDA as a prerequisite to filing this action.

**GENERAL ALLEGATIONS**

18.     Defendants now, and at all times during the relevant period, did own, operate and control a lime, limestone and other mineral products business that employs persons within the meaning of IWC Wage Order No. 16-2001 and California Code of Regulations, title 8, section 11160.

19.     On information and belief, Defendants recruited, solicited, hired, employed, furnished employment, and suffered Plaintiffs to work, and were an employer pursuant to 8 CCR § 11160 and IWC Wage Order No. 16-2001 (hereinafter collectively referred to as "the Wage Order"), which applies to occupations in the construction, drilling, logging and mining industries.

20.     At all times relevant herein, Plaintiffs were employees of Defendants under the California Labor Code and were protected by to the provisions of the Wage Order.

21.     At all times relevant herein, Plaintiffs were employees of Defendants under the California Labor Code and were nonexempt, and therefore subject to the provisions of the Wage Order.

22.     Plaintiffs, and each of them, are or were employed by Defendants to work in non-exempt positions at LHOIST's "Natividad Plant" in Salinas, California, in one or more of the following departments: HMS, DSF, Kiln, and Maintenance.  The Natividad Plant is a mineral mining and quarrying operation that runs continuous machinery 24 hours per day, six to seven days per week, subject to interruptions due to equipment failure or lack of adequate staffing.

23.     Plaintiffs GUERRERO and REYES, at all relevant times herein, each worked for Defendants as a Kiln Operator.

24.     Plaintiff PACHECO, at all relevant times herein, worked for Defendants as a Supervisor/ Department Manager of the Kiln Department.

25.     Plaintiff GUZMAN, at all relevant times herein, worked for Defendants as a Mechanic and/or Kiln Operator.

26.     Plaintiff NAU, at all relevant times herein, worked for Defendants as a DFS Operator.

27.     Plaintiffs FUAPAU, GODINEZ, and VACA, at all relevant times herein, each

-7-

1    worked for Defendants as an HMS Operator.

2        28.    Plaintiff MENDOZA worked for Defendants as an HMS Lead until his date of

3    termination on May 19, 2020.

4        29.    At all times relevant herein, Plaintiffs and other similarly situated employees worked

5    for Defendants without the provision of being compensated for all hours worked, without being paid

6    applicable overtime rates of pay, without being paid all wages on time, without being provided off-

7    duty meal or rest breaks as required by law, without being compensated for missed meal and break

8    breaks, and without having been provided complete and accurate wage statements as required by

9    law.

10        30.    Additionally, Plaintiff MENDOZA and others similarly situated were not paid the

11    full payment of wages owed to them at the end of their employment.  Defendants required

12    MENDOZA to report to Defendants' place of business on his date of termination to return company

13    equipment but failed to provide final pay to MENDOZA when he reported to the workplace as

14    instructed.  Without request or authorization from MENDOZA, Defendants mailed MENDOZA's

15    final pay to his home address several days later, at the end of Defendants' regular pay period.

16        31.    Plaintiffs were regularly required to perform work off-the-clock, including receiving

17    and responding to phone calls and text messages on their personal and/or work-issued cell phones.

18        32.    Plaintiffs are informed and believe that, during the relevant period, Defendants

19    intentionally failed to pay Plaintiffs and other employees at the Natividad Plant the full wages owed

20    to them for overtime hours worked, non-discretionary safety bonuses earned, and contractually

21    promised shift premiums.  Plaintiffs are further informed and believe that Defendants' practice of

22    rounding time to the nearest 15 minutes is implemented by Defendants in a manner that is generally

23    to the detriment of Plaintiffs and the other workers at the Natividad Plant.  Indeed, Plaintiffs allege,

24    on information and belief, that Defendants implemented this rounding scheme as a way to secretly

25    pay a lower wage than what was promised to Plaintiffs.  On information and belief, Defendant did

26    not disclose its rounding policy to the Labor Commissioner.

27        33.    Plaintiffs were, at all relevant times, required to remain on the premises and to keep

28    their work radios on their person and turned on during the entirety of their shifts, including during

-8-

any breaks taken.  Plaintiffs were further required to respond to work-related calls and texts as needed to keep the machinery at the Natividad Plant continuously running.  Plaintiffs' breaks are, and at all relevant times were, regularly interrupted by machinery alarms, radio calls, and by calls and texts from LHOIST management and other employees to Plaintiffs' personal and/or work-issued cell phones.  Due to inadequate staffing, Plaintiffs and other employees who work in certain departments, such as the HMS department, often work alone and have no opportunity to take a break, off-duty or otherwise.  Although Plaintiffs never received or had the ability to take off-duty meal periods, Defendants automatically deducted 30 minutes of pay per day from each employee to account for meal periods, without regard for the number minutes actually used for the employees' respective lunch breaks, if any.  This automatic deduction scheme implemented by Defendant allowed it to secretly pay Plaintiffs less than the what Defendant originally agreed to pay them for their hours worked.  Defendant's automatic deduction policy acted as a "secret deduction," which resulted in lower wages paid to Plaintiffs.  On information and belief, Defendant did not disclose its automatic deduction policy to the Labor Commissioner.

34.    At all times relevant herein, Defendants maintained and enforced a uniform policy of requiring Plaintiffs to work shifts of five hours or more within a single workday without providing a thirty (30) minute uninterrupted duty-free meal period within five (5) hours of the beginning of their shift.  Defendants also failed to pay Plaintiffs one hour of pay at Plaintiffs' regular rate of compensation as required by California Labor Code § 226.7 and the Wage Order for each meal period that was not provided.

35.    At all times relevant herein, Defendants maintained and enforced a uniform policy by which they repeatedly failed to authorize, permit and provide Plaintiffs with paid duty-free rest periods of at least ten (10) consecutive uninterrupted minutes during which Plaintiffs were relieved of all duties for every four (4) hours worked or major fraction thereof and which were counted as hours worked for which there would be no deduction from wages, and failed to compensate Plaintiffs one (1) hour of wages  at their regular rate of compensation as required by California Labor Code § 226.7 and the Wage Order for each rest period not provided.

36.    At all times relevant herein, Defendants maintained and enforced a uniform policy

by which they regularly and consistently required Plaintiffs to work more than eight hours in a single workday and more than 40 in a workweek, and failed to pay overtime premium wages of one and one-half times the employee's regular rate of pay.

37.     At all times relevant herein, Defendants maintained and enforced a uniform policy by which they regularly and consistently failed to provide Plaintiffs and the Class Members with complete and accurate itemized wage statements stating the total hours worked, overtime hours worked, gross wages earned, net wages earned, all applicable rates of pay and the corresponding number of hours worked under each rate, all deductions, wages owed for missed rest and meal periods, and accurate accounting for all wages paid to Plaintiffs.  Defendants also failed to record in ink or other identifiable form all deductions from wages showing the month, day and year, and failed to keep a copy of the statements and records of deductions for three years at the place of employment or at a central location in the State of California. Defendants also failed to keep accurate information with respect to each employee, including full name, home address, occupation, birth date, time records showing when the employee begins and ends each work period, meal periods, total daily hours worked and total wages paid each payroll period, including value of board, lodging, or other compensation actually furnished to the employee.

38.     At all times relevant herein, Defendants maintained and enforced a uniform policy by which they required Plaintiffs to use their personal cell phones to communicate by phone call and text messages with the Defendants, including during non-working hours.  Defendants maintained and enforced a uniform policy which they regularly and consistently violated California Labor Code § 2802 and the Wage Order by failing to reimburse Plaintiffs for such work-related expenses.

39.     At all times relevant herein, Defendants maintained and enforced a uniform policy by which they regularly and consistently violated California Labor Code §§ 204, 218, 221, 223, 1194, 1198 and the Wage Order by unlawfully refusing to pay wages to Plaintiffs.

40.     At all times relevant herein, Defendants maintained and enforced a uniform policy by which they regularly and consistently violated California Labor Code §§ 204, 218, 1194, 1198, 1199, 2802 and the Wage Order by failing to pay Plaintiffs for all hours worked, overtime premium

1  wages for all overtime hours worked, compensation for missed meal and rest periods, and

2  reimbursement for work-related expenses.

3     41.    Plaintiffs are informed and believe, and thereon allege, that at all times herein

4  mentioned, Defendants were advised by skilled lawyers and other professionals, employees and

5  advisors knowledgeable about California labor and wage law, employment and personnel practices,

6  and about the requirements of California law.  Plaintiffs are informed and believe, and thereon

7  allege, that at all times herein, Defendants knew or should have known each of the following:

8     a.    That Plaintiffs were entitled to receive an uninterrupted 30-minute meal

9  period before working more than five hours, and, if such meal periods were not provided to them,

10  they were entitled to the payment of one additional hour of pay at their regular rate of pay, and that

11  Plaintiffs were not being provided such meal periods and were not receiving one additional hour of

12  pay at their regular rate of pay on occasions when such meal periods were not so provided;

13     b.    That Defendants were obligated to authorize, permit and provide to Plaintiffs

14  one 10-minute duty-free rest period for every four hours or major fraction thereof worked, and, if

15  such rest period were not so provided, Defendants were required to pay Plaintiffs one additional

16  hour of pay at their regular rate of pay, and that Defendants did not authorize, permit and provide

17  such rest periods and, on such occasions, did not provide Plaintiffs with one additional hour of pay

18  at their regular rate of pay;

19     c.    That Plaintiffs were entitled to receive premium overtime wages for the

20  overtime hours they worked and that Plaintiffs were in fact not receiving premium overtime wages

21  for such overtime hours;

22     d.    That Plaintiffs were entitled to receive compensation for responding to work-

23  related calls and text messages outside of working hours;

24     e.    That Plaintiffs and the Class Members were entitled to receive complete and

25  accurate wage statements in accordance with California law, and that, in violation of the California

26  Labor Code, Plaintiffs and the Class Members were not provided complete and accurate wage

27  statements;

28     f.    That Defendants failed and refused to pay Plaintiffs agreed wages;

-11-

g.      That Plaintiffs were entitled to timely payment of wages during their employment, and that Plaintiffs did not receive payment of all wages, including but not limited to, meal and rest period premium wages, and agreed hourly wages within permissible time periods; and

h.      That Plaintiffs were entitled to receive full reimbursement for all business-related expenses they incurred during the course and scope of their employment, including, without limitation, the use of their personal cell phones to communicate by phone call and text messages with the Defendants in the performance of their duties, and that Plaintiffs were not receiving such reimbursement for expenses.

42.     Based on the above, Plaintiff is an Aggrieved Employee as defined by PAGA. Pursuant to *Huff v. Securitas Security Services USA, Inc.*, 23 Cal. App. 5th 745 (2018), Plaintiff may seek to enforce violations of the California Labor Code on behalf of other aggrieved employees for any Labor Code violation that occurred during the PAGA period.

43.     California Labor Code § 218 states that nothing in Article I of the Labor Code shall limit the right of any wage claimant to "sue directly . . . for any wages or penalty due to him under this Article."

## CLASS ACTION ALLEGATIONS

44.     Plaintiffs brings this action on behalf of themselves, the general public, and all other similarly situated persons as a class action pursuant to Code of Civil Procedure § 382.  All claims alleged herein arise under California law for which Plaintiffs seek relief authorized by California law. Plaintiffs seek to represent a class composed of and defined as follows:

> All current and former employees of Defendants in the State of California who were paid any wages at any time beginning one (1) year before the commencement of this action through the present (the "Class Members").

45.     Plaintiffs reserve the right under Code of Civil Procedure § 382 to amend or modify the class description with greater specificity, further division into subclasses or with limitations to particular issues.

46.     This action has been brought and may be properly maintained as a class action under the provisions of Code of Civil Procedure § 382 because the questions of law and fact at issue herein are common and of general interest to Plaintiff and the Class Members, the parties are numerous, and

-12-

it would be impracticable to bring the claims alleged herein before the court as individual claims or through some other than a class action.

**A.      Numerosity**

47.      The Class Members are so numerous that joinder of all the members of the class is not feasible and not practical. While the precise number the Class Members has not been determined at this time, Plaintiff is informed and believes that Defendants currently employ, and during the Class Period regularly employed, more than 50 employees in California in hourly wage or otherwise non-exempt positions.  The identities of the Class Members are readily ascertainable by inspection of Defendants' employment records.  Moreover, joinder of all members of the proposed class is not practicable, and individual damages for each member is not anticipated to be sufficiently high to allow for practical resolution through individualized litigation.

**B.      Commonality and Predominance**

48.      There are questions of law and fact common to each Class Member that predominate over any questions affecting only individual Class Members.  These common questions of law and fact include, without limitation, whether Defendants violated California Labor Code § 226 by failing to provide accurate itemized wage statements to Plaintiff and the Class Members containing all of the information required by Labor Code § 226;

**C.      Typicality**

49.      The claims of Plaintiffs are typical of the claims of the Class Members.  Plaintiffs and the Class Members sustained injuries and damages arising out of and caused by the Defendants' common course of conduct in violation of Labor Code § 226, as alleged herein.  Plaintiffs have a well-defined community of interest with the Class Members and are qualified to, and will, fairly and adequately protect the interests of each Class Member.

**D.      Adequacy of Representation**

50.      Plaintiffs will fairly and adequately represent and protect the interests of the Class Members.  Plaintiffs acknowledge their obligation to make known to the Court any relationship, conflict or difference with any Class Member.  Plaintiffs have incurred, and throughout this action will continue to incur, costs and attorney's fees necessarily expended for the prosecution of this action for the substantial benefit of each Class Members. Counsel who represents Plaintiffs is competent and

-13-

*Fuapau v. Lhoist North America of Arizona, Inc.*          First Amended Complaint; Demand for Jury Trial
Case No. 20-cv-04404-VKD

experienced in litigating class actions, versed in the rules governing class action discovery certification, settlement and trial, and will vigorously and competently pursue the claims of Plaintiff and the Class Members.

**E.    Superiority**

51.    The nature of this action makes the use of class action adjudication superior to other methods.  The class action will achieve economies of time, effort and expense as compared with separate individual lawsuits on behalf of each Class Member, and will avoid inconsistent outcomes because the same issues will be adjudicated in the same manner and at the same time for the entire class.

**F.    Public Policy Consideration**

52.    Employers in the State of California violate employment and labor laws on a daily basis.  Employees are often intimidated and afraid to assert their rights out of fear that they will be subjected direct or indirect retaliation by their employers.  Former employees (those who are no longer employed by a particular employer who had subjected them to employment and labor law violations) are fearful of brining actions against their former employers because they believe their former employers might damage their future endeavors through negative references and/or other means.  Class actions provide Class Members who are not named in the complaint with vindication of their rights while also protecting their privacy and shielding them from retaliation.

**FIRST CAUSE OF ACTION**
**Failure to Provide Meal Periods or Compensation in Lieu Thereof**
**(Labor Code §§ 226.7 and 1198; and the Wage Order)**
**(Plaintiffs against Defendants)**

53.    Plaintiffs allege and incorporate by reference all of the allegations contained in the preceding paragraphs as though fully set forth herein.

54.    California Labor Code § 226.7 provides that no employer shall require an employee to work during any meal period mandated by an applicable order of the Industrial Welfare Commission.  Labor Code § 226.7 further provides that if an employer fails to provide an employee a meal period or rest period in accordance with an applicable order of the Industrial Welfare Commission, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each workday that the meal or rest period is not

-14-

1    provided.

2        55.    At all times relevant to this action, the Wage Order and California Labor Code §

3    1198 provided that an employer may not require, cause or permit an employee to work for a

4    period of more than five (5) hours per day without providing the employee with an uninterrupted

5    meal period of not less than thirty (30) minutes, except that if the total work period per day of the

6    employee is not more than six (6) hours, the meal period may be waived by mutual consent of

7    both the employer and the employee.

8        56.    At all times relevant herein, Defendants and/or their authorized supervisors

9    repeatedly failed to comply with the meal period requirements of the Labor Code and the Wage

10    Order by failing to provide Plaintiffs with a thirty (30) minute uninterrupted duty-free meal

11    period within five (5) hours of the beginning of their shift, in violation of Labor Code  §§ 512,

12    226.7, and the Wage Order.  Defendants also failed to compensate Plaintiffs one (1) hour of

13    wages for any of the missed meal periods not provided by Defendants, as alleged above, which

14    failure also violated Labor Code §§512 and 226.7 and the Wage Order.

15        57.    Pursuant to the Wage Order and California Labor Code § 226.7(b), Plaintiffs are

16    entitled to recover from Defendants one (1) additional hour of pay at their regular hourly rate of

17    compensation for each meal period violation as alleged herein.

18        58.    Defendants were at all times aware of the Labor Code and Wage Order

19    requirements that they provide Plaintiffs with such meal periods and was aware that Plaintiffs

20    regularly worked more than five (5) hours in a shift without receiving mandated meal periods.

21    Thus, Defendants willfully violated the provisions of Labor Code §§ 226.7 and 512 and the

22    Wage Order.

23        59.    As a result of the unlawful conduct of Defendants, Plaintiffs have been deprived

24    of wages and other compensation in amounts to be determined at trial, and are entitled to

25    recovery of such amounts.

26        60.    WHEREFORE, Plaintiffs request relief as herein prayed for.

27    / /

28    / /

*Fuapau v. Lhoist North America of Arizona, Inc.*    First Amended Complaint; Demand for Jury Trial
Case No. 20-cv-04404-VKD

**SECOND CAUSE OF ACTION**
**Failure to Provide Rest Periods or Compensation in Lieu Thereof**
**(Labor Code §§ 226.7 and 1198; and The Wage Order)**
**(Plaintiffs against Defendants)**

61.     Plaintiffs allege and incorporate by reference all of the allegations contained in the preceding paragraphs as though fully set forth herein.

62.     California Labor Code § 226.7 provides that no employer shall require an employee to work during any rest period mandated by an applicable order of the California Industrial Welfare Commission.  Labor Code Section 226.7 further provides that if an employer fails to provide an employee a meal period or rest period in accordance with an applicable order of the Industrial Welfare Commission, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each workday that the meal or rest period is not provided.

63.     The Wage Order and California Labor Code § 226.7 provides that every employer shall provide and shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period, and that the rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof, unless the total daily work time is less than three and one-half hours.

64.     At all times relevant herein, on days in which Plaintiffs worked at least three and one half hours, Defendants regularly and repeatedly required Plaintiffs to work four (4) hours and/or a major fraction thereof without providing, authorizing or permitting at least one ten (10) minute rest period during which Plaintiffs' were relieved of all duties (hereafter "rest period") per each four (4) hour period, or a major fraction thereof, worked.

65.     At all times relevant herein, Defendants failed to pay Plaintiffs a premium of one hour pay at their regular rate of pay for each rest period not provided, authorized, and permitted as alleged herein, pursuant to Labor Code § 226.7.

66.     Defendants were at all times aware of the Labor Code and Wage Order requirements that they provide Plaintiffs with the rest periods described above and were aware

-16-

that Plaintiffs regularly worked more than four (4) hours or major fraction thereof without receiving mandated rest periods.  Defendants therefore at all times willfully violated the provisions of Labor Code § 226.7 and the Wage Order.

67.    Pursuant to the Wage Order and California Labor Code § 226.7(b), Plaintiffs are entitled to recover from Defendants one (1) additional hour of pay at his regular hourly rate of compensation for each workday that a rest period was not provided. As a result of the unlawful conduct of Defendant, Plaintiffs have been deprived of wages and compensation in amounts to be determined at trial, and are entitled to recovery of such amounts.

68.    WHEREFORE, Plaintiffs request relief as herein prayed for.

### THIRD CAUSE OF ACTION
**Failure to Pay Hourly and Overtime Wages**
**(California Labor Code §§ 1194 and 1198; and The Wage Order)**
**(Plaintiffs against Defendants)**

69.    Plaintiffs incorporate by reference all of the allegations contained in the preceding paragraphs as though fully set forth herein.

70.    Plaintiffs base this cause of action upon Defendants' willful and intentional violations of the California Labor Code and Industrial Welfare Commission requirements that Defendants pay Plaintiffs for all hours worked, including the requirement to pay premium overtime wages to Plaintiffs for work they performed in excess of eight hours in a workday and/or 40 hours in a workweek, and/or on the seventh consecutive day in a workweek.

71.    Pursuant to Labor Code § 204, as well as other applicable laws and regulations, and public policy, an employer must timely pay its employees for all hours worked.

72.    Labor Code § 1198 provides that "The maximum hours of work and the standard conditions of labor fixed by the commission shall be the maximum hours of work and the standard conditions of labor for employees. The employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful."

73.    Labor Code § 1194 provides that "any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime

-17-

1    compensation, including interest thereon, reasonable attorney's fees, and costs of suit."

2    74.    The Wage Order provides that "such employees shall not be employed more than

3    eight (8) hours in any workday or more than forty (40) hours in any workweek unless the

4    employee receives one and one-half (1 ½ ) times such employee's regular rate of pay for all

5    hours worked over 40 hours in the workweek and for the first eight (8) on the seventh (7th) day of

6    work and double the employee's regular rate of pay for all hours worked over eight (8) on the

7    seventh (7th) day of work in the workweek.

8    75.    At all times relevant herein, Defendants required Plaintiffs on a regular and

9    repeated basis to work shifts exceeding eight hours in a workday, to work more than 40 hours in

10   a workweek, which hours were often not recorded, without paying overtime premium wages at a

11   rate of no less than one and one-half times their regular rate of pay.

12   76.    At all times relevant herein, Defendants knew or had reason to know that Plaintiffs

13   were regularly and consistently required to work more than eight hours in a day, work more than

14   40 hours in a week, perform work on the seventh day of work in a workweek without being paid

15   the appropriate premium overtime wage required by Labor Code §§ 1194 and 1198, and the

16   Wage Order.

17   77.    At all times relevant herein, Defendants' conduct as alleged herein amounted to a

18   uniform pattern of unlawful wage and hour practices which resulted from the implementation of

19   uniform policies and practices by which Defendants failed to accurately record all hours worked

20   by Plaintiffs thereby denying payment of overtime premium wages to Plaintiffs for overtime

21   hours worked.

22   78.    In committing the violations of the California Labor Code as alleged herein,

23   Defendants engaged in an illegal attempt to avoid the payment of all earned wages and other

24   benefits in violation of the California Labor Code, the Industrial Welfare Commission

25   requirements and other applicable laws and regulations.

26   79.    As a direct result of Defendants' unlawful wage practices as alleged herein,

27   Plaintiffs have been denied full compensation for all hours worked by them, including but not

28   limited to, premium overtime wages for overtime hours.

-18-

80. The Labor Code and the Wage order set forth various exemptions by which certain categories of employees are exempt from the protections of the overtime laws contained in the Labor Code. At no time during Plaintiffs' employment did any of these exemptions apply to Plaintiffs. Moreover, at no time were Plaintiffs subject to a valid collective bargaining agreement that would preclude the causes of action set forth in this complaint. Rather, Plaintiffs bring this action because of Defendants' violations of non-waivable rights guaranteed to them by the State of California.

81. As a direct consequence of Defendants' unlawful failure to pay Plaintiffs the full and accurate amount of all earned wages at the appropriate rate for the true number of hours they worked, Plaintiffs have suffered and will continue to suffer economic injuries in an amount which is presently unknown to them and which will be ascertained according to proof at trial.

82. In performing the acts and practices in violation of California labor laws as herein alleged, Defendants have acted and continue to act intentionally, oppressively and maliciously towards Plaintiffs, with a conscious disregard for their legal rights and the consequences to them, and with the intent of depriving them of their property and legal rights and otherwise causing them injury, in order to increase Defendants' profits at the expense of Plaintiffs.

83. Plaintiffs request recovery of all unpaid wages, including overtime premium wages, in an amount according to proof, interest on such amounts, statutory costs, and the assessment of any and all statutory penalties against Defendants, all in the sums as provided by the California Labor Code and/or other applicable statutes. In addition, to the extent that overtime compensation is owed Plaintiffs whose employment has been terminated, Defendants' conduct violates Labor Code §§ 201 and/or 202, entitling Plaintiffs to waiting time penalties under Labor Code § 203, which penalties are sought herein on behalf of Plaintiffs.

84. WHEREFORE, Plaintiffs request relief as herein prayed for.

### FOURTH CAUSE OF ACTION
**Failure to Comply with Itemized Employee Wage Statement Requirements
(California Labor Code §§ 226, 1174 and 1175; and The Wage Order)
(Plaintiffs and the Class against Defendants)**

85. Plaintiffs and the Class Members allege and incorporate by reference all of the allegations contained in the preceding paragraphs, as though fully set forth herein.

-19-

86.     Labor Code § 226(a) and the Wage Order require Defendants to itemize in wage statements all deductions from payment of wages, to accurately report total hours worked, to report the rate of pay for hours worked, and keep the records on file at the place of employment or at a central location within the State of California.  Defendants have knowingly and intentionally failed to comply with Labor Code § 226(a) and the Wage Order with respect to wage statements they have provided to Plaintiffs and the Class Members.

87.     Labor Code § 1174 and the Wage Order requires Defendants to maintain and preserve, at the place of employment or at a central location within the State of California, among other items, accurate records showing the names and addresses of all employees employed, payroll records accurately showing the hours worked daily and the wages paid to its employees.  Defendants have knowingly and intentionally failed to comply with these requirements in violation of Labor Code §§ 1174 and 1175 and the Wage Order.

88.     Labor Code § 226(a) and the Wage Order provide that every employer shall, semimonthly or at the time of each payment of wages, furnish each of its employees an accurate itemized statement in writing showing gross wages earned, total hours worked by the employee, the number of piece rate units and the applicable rate, all deductions, net wages earned, the inclusive dates of the period for which the employee is paid, the name of the employee and the last four digits of the employee's social security number (or an employee identification number), the name and address of the legal entity that is the employer and all applicable hourly rates in effect during the pay period and the corresponding numbers of hours worked at each hourly rate by the employee.  Labor Code § 226(a) mandates that deductions made from payments of wages shall be recorded in ink, properly dated and a copy of the statement or a record of deductions be kept on file by the employer for at least three years.  Moreover, the Wage Order requires Defendants to maintain time records for each employee showing, including but not limited to, an accurate report of the total hours worked by each employee, when the employee begins and ends each work period, meal periods, and total daily hours worked in itemized wage statements, and all deductions from payment of wages.

89.     At all times relevant herein, Defendants have regularly and consistently, intentionally and willfully, failed to provide Plaintiffs and the Class Members with complete and accurate wage

1    statements.

2       90. The Wage Order provides that an employer must keep accurate information with

3    regard to each employee, which shall include time records showing when the employee begins and

4    ends each work period, split shift intervals, total daily hours worked, and total hours worked in the pay

5    period and the applicable rates of pay.

6       91. At all times relevant herein, Defendants continually failed to keep accurate records

7    and information with regard to Plaintiffs and the Class Members as required by the Wage Order.

8    Defendants repeatedly provided Plaintiffs and the Class Members with wage statements that, among

9    other inaccuracies, failed to include complete and accurate information on the following: (1) gross

10    wages earned; (2) total hours worked; (3) all deductions from wages; (4) net wages earned; (5) the

11    inclusive dates of the period for which Plaintiffs and the Class Members were paid; (6) the names and

12    the last four digits of their social security number or an employee identification number other than a

13    social security number; and (7) all applicable hourly rates in effect during the pay period and the

14    corresponding number of hours worked at each hourly rate.

15       92. As a result of Defendants' violation of Labor Code §§ 226(a), 1174 and 1175, as well

16    as the Wage Order, Plaintiffs and the Class Members have suffered injury and damage to their

17    statutorily-protected rights.  These injuries and damages include, but are not limited to, the denial of

18    their legal right to receive and their protected interest in receiving accurate, itemized wage statements

19    under Labor Code § 226(a).  Moreover, the inaccurate and incomplete wage statements provided by

20    Defendants deceived Plaintiffs and the Class Members about the wages and other compensation to

21    which they were entitled and deprived them of such wages and compensation.  As a further result of

22    Defendants' failure to provide Plaintiffs and the Class Members with accurate wage statements in

23    accordance with Labor Code § 226 and to keep accurate time records as required by the Wage Order,

24    Plaintiffs and the Class Members have suffered injuries and are entitled to penalties under Labor Code

25    § 226 and Labor Code § 226.3 which states that any employer who violates § 226 shall be subject to a

26    civil penalty in the amount of $250.00 per employee per violation in an initial citation.  The civil

27    penalty provided for in this section is in addition to any other penalty provided by law, in an amount to

28    be proven at trial.   The injuries suffered by Plaintiffs and the Class Members include, but are not

limited to, having been, and continuing to be, forced to conduct investigations and perform mathematical computations in an attempt to reconstruct their time records; the inability to reconstruct their time records; the inability to discern the amount of wages they were paid and/or the applicable wage rate; the inability to determine the number of hours, including but not limited to, overtime hours they worked; the inability to determine the number of rest periods and meal periods they were forced to forego; the inability to determine whether they were compensated for all meal and rest periods of which they had been deprived; the inability to determine whether they were paid all wages due for work they performed; the inability to determine the amount of wages owing and unpaid; having been, and continuing to be, forced to hire attorneys and initiate a lawsuit in order to ascertain the aforementioned information.

93.    Plaintiffs and the Class Members are further entitled to recover from Defendants the greater of their actual damages caused by Defendants' failure to comply with Labor Code § 226(a), or an aggregate penalty not exceeding $4,000.00.

94.    Plaintiffs and the Class Members are also entitled to injunctive relief to ensure compliance with this section, pursuant to Labor Code § 226(g).

95.    Pursuant to Labor Code § 226(e), each employee suffering injury as a result of a knowing and intentional failure by an employer to comply with Labor Code § 226(a) is entitled to recover the greater of all actual damages or $50.00 for the initial pay period in which a violation occurs and $100.00 per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of $4,000.00, and is entitled to an award of costs and reasonable attorneys' fees.

96.    Moreover, an employee is entitled under the Labor Code § 226(g) to injunctive relief to ensure compliance with Labor Code § 226 and is entitled to an award of costs and reasonable attorneys' fees.

97.    WHEREFORE, Plaintiffs and the Class Members request relief as herein prayed for.

### FIFTH CAUSE OF ACTION
**Failure and Refusal to Pay Agreed Wages**
**(California Labor Code §§ 204, 218, 221, 223, 1194, 1198; and The Wage Order)**
**(Plaintiffs against Defendants)**

98.    Plaintiffs incorporate by reference all of the allegations contained in the preceding paragraphs as though fully set forth herein.

99.     Labor Code §§ 204, 218, 221, 223, 1194 and 1198, together with the Wage Order, provide that employees have an immediate and vested right to receive agreed wages for work they were engaged, suffered and permitted to perform.

100.     At all times relevant herein, as a result of uniform policies maintained and enforced by Defendants, the object and/or foreseeable consequence of which were to deny such wages to Plaintiffs, Defendants employed Plaintiffs at agreed wages and refused to pay such wages to Plaintiffs for all hours they worked.

101.     Defendants at all times knew or had reason to know that Plaintiffs were performing work without pay and that the practices referenced above deprived Plaintiffs for work performed by them.  In addition, Plaintiffs were further deprived of their earned wages by Defendants' policy and practice of refusing to provide paid sick leave to Plaintiffs in accordance with California Labor Code section 246, instead requiring Plaintiffs to use their accrued vacation pay for any sick days taken.

102.     At all times herein alleged, Labor Code § 223 provided, in relevant part: "Where any . . . contract requires an employer to maintain the designated wage scale, it shall be unlawful to secretly pay a lower wage while purporting to pay the wage designated by . . . contract."

103.     At all times herein alleged, Plaintiffs and Defendants were parties to an employment contract pursuant to which they had agreed Plaintiffs were to be paid a designated wage scale, which included, but was not limited to, not less than the agreed rate for each hour worked, and the payment of overtime premium wages and meal and rest period premiums as required by the Labor Code and the Wage Order.  By repeatedly and consistently failing to pay regular wages to Plaintiffs at the agreed wage scale and failing to pay corresponding premium overtime wages and meal and rest period premiums as required by the Labor Code and the Wage Order, elsewhere alleged herein, Defendants violated Labor Code § 223, depriving Plaintiffs of the payment of wages according to the agreed wage scale.

104.     Defendants continually failed and refused to pay to Plaintiffs all wages earned, despite demands being made.

105.     As a direct and proximate result of Defendants' willful refusal to pay all wages

-23-

due to Plaintiffs, Defendants are liable for wages owing and unpaid, with interest thereon.

106.    WHEREFORE, Plaintiffs request relief as herein prayed for.

### SIXTH CAUSE OF ACTION
**Failure to Pay Wages Timely**
**(California Labor Code § 204)**
**(Plaintiffs against Defendants)**

107.    Plaintiffs incorporate by reference all of the allegations contained in the preceding paragraphs as though fully set forth herein.

108.    Labor Code Section 204 provides in relevant part: "All wages, other than those mentioned in Section 201, 202, 204.1, or 204.2, earned by any person in any employment are due and payable twice during each calendar month, on days designated in advance by the employer as the regular paydays. Labor performed between the 1st and 15th days, inclusive, of any calendar month shall be paid for between the 16th and the 26th day of the month during which the labor was performed, and labor performed between the 16th and the last day, inclusive, of any calendar month, shall be paid for between the 1st and 10th day of the following month."

109.    At all times relevant herein, Defendants failed to pay compensation to Plaintiffs for all hours they worked, including straight time, overtime wages, meal and rest period premiums, in violation of Labor Code §204.

110.    Defendants' violations of California Labor Code §204 were at all times repeated, willful and intentional.

111.    Plaintiffs have been damaged by said violations of California Labor Code §§ 204, 1198 and the Wage Order.

112.    WHEREFORE, Plaintiffs request relief as herein prayed for.

### SEVENTH CAUSE OF ACTION
**Failure to Reimburse Work Related Expenses**
**(California Labor Code § 2802; and the Wage Order)**
**(Plaintiffs against all Defendants)**

113.    Plaintiffs allege and incorporate by reference all of the allegations contained in the preceding paragraphs as though fully set forth herein.

114.    Pursuant to Labor Code § 2802 an employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the

-24-

employee's discharge of his or her duties.

115.   At all times herein, Defendants regularly and consistently violated Labor Code § 2802 by failing to reimburse Plaintiffs for expenses incurred in the performance of their duties including, but not limited to, the use of their personal cell phones to communicate by phone call and text messages with the Defendants.

116.   Plaintiffs were required to retain attorneys to bring this action and are entitled to an award of reasonable attorneys' fees pursuant to Labor Code § 2802(c).

117.   WHEREFORE, Plaintiffs requests relief as herein prayed for.

<u>**EIGHTH CAUSE OF ACTION**</u>
**California Labor Code Private Attorneys General Act of 2004**
**(California Labor Code §§ 2698, et seq.)**
**(Plaintiffs SIONE FUAPAU, ALFREDO GODINEZ, GABRIEL MENDOZA, and**
**MANUEL VACA against Defendant LHOIST NORTH AMERICA OF ARIZONA, INC)**

118.   Plaintiffs SIONE FUAPAU, ALFREDO GODINEZ, GABRIEL MENDOZA, and MANUEL VACA alleges and incorporates by reference all of the allegations contained in the preceding paragraphs as though fully set forth herein.

119.   California Labor Code §§ 2698, et seq. ("PAGA") permits Plaintiff to recover civil penalties for the violation(s) of the Labor Code Sections enumerated in Labor Code Section 2699.5.

120.   PAGA provides as follows, "[n]otwithstanding any other provision of law, a plaintiff may as a matter of right amend an existing complaint to add a cause of action arising under this part at any time within sixty (60) days of the time periods specified in this part."

121.   Defendants' conduct, as alleged herein, violates numerous sections of the California Labor Code, including, but not limited to, Labor Code §§ 201, 202, 203, 204, 216, 218, 218.5, 218.6, 223, 226, 226.7, 227.3, 246, 510, 512, 558, 1174, 1194, 1197, 1197.1, 1198, 1199, 2699, 2800, 2802, 2698 et seq., and 2699(f) and (g), and the Wage Order,.

122.   California Labor Code Section 1198 makes it illegal to employ an employee under conditions of labor that are prohibited by the applicable wage order.  California Labor Code section 1198 requires that ". . . the standard conditions of labor fixed by the commission shall be the . . . standard conditions of labor for employees.  The employment of any employee . .

-25-

1 | . under conditions of labor prohibited by the order is unlawful."

2 |     123.    Defendants, at all times relevant to this complaint, were an employer or person

3 | acting on behalf of an employer who violated Plaintiff and the employees' rights by violating

4 | various sections of the California Labor Code as set forth above.

5 |     124.    Pursuant to PAGA, and in particular California Labor Code §§ 2699(a), 2699.3,

6 | and 2699.5, Plaintiff, acting in the public interest as a private attorney general, seeks assessment

7 | and collection of civil penalties for Plaintiff and the employees, and the State of California

8 | against Defendants, in addition to other remedies, in accordance with California Labor Code §§

9 | 201, 202, 203, 204,  218, 218.5, 218.6, 223, 225.5, 226, 226.7, 227.3, 510, 512, 558, 1174, 1194,

10 | 1197, 1197.1, 1198, 1199, 2699, 2800, 2802, 2698 et seq., and 2699(f) and (g), and the Wage

11 | Order.

12 |     125.    WHEREFORE, Plaintiff requests relief as hereinafter prayed for.

13 | **NINTH CAUSE OF ACTION**
**Unfair Business Practices**

14 | **(California Business and Professions Code §§ 17200 et seq. and Common Law)**
**(Plaintiffs against Defendants)**

15 |     126.    Plaintiffs hereby incorporate each of the preceding paragraphs of this Complaint

16 | as if fully alleged herein.

17 |     127.    Plaintiffs suffered direct injury as a result of the Defendants' conduct, as alleged

18 | in the preceding paragraphs, and bring this action under Code of Civil Procedure § 382. The

19 | deprivation by Defendants of Plaintiffs of wages due and lawful meal and rest periods,

20 | reimbursement of expenses, and Defendants' provision of inaccurate wage statements, are

21 | unlawful business practices within the meaning of Business and Professionals Code § 17200, et

22 | seq. including, but not limited to, a violation of the Wage Order, regulations, and statutes, and

23 | further, whether or not in violation of the aforementioned Wage Order, regulation and statutes,

24 | amount to practices which are otherwise unfair.

25 |     128.    Under Business and Professions Code § 17200, et seq., including, but not limited

26 | to §§ 17201, 17203, and 17208, Plaintiffs assert standing on behalf of themselves as alleged

27 | herein.  Plaintiffs seek, among others, restitution of compensation due during all times relevant

28 | herein.

129.    At all times relevant herein, Defendants have committed violations of law, as described herein, including, but not limited to:

  a.    Violation of Labor Code §§ 226.7, 512(a) and 1198 for Defendants' failure to provide Plaintiffs with meal and rest periods or compensation in lieu thereof, as herein alleged;

  b.    Violation of Labor Code §§ 510 and 1198 for Defendants' failure to pay overtime wages to Plaintiffs as herein alleged;

  c.    Violations of Labor Code § 226(a) for failure to provide accurate wage statements to Plaintiffs as herein alleged;

  d.    Violation of Labor Code §§ 204, 216, 218, 221, 1194 and 1198 for Defendants' failure to provide Plaintiffs agreed wages for all hours they worked;

  e.    Violation of Labor Code § 204 for failure to pay all earned wages owed to Plaintiffs during employment as set forth more fully below;

  f.    Violation of Labor Code §§ 2800 and 2802 for failure to reimburse Plaintiffs for all necessary expenditures as herein alleged; and

  g.    Violation of Labor Code § 1198 and the Wage Order for failure to keep accurate records with respect to each employee.

130.    These unlawful and unfair business practices defeat the public interest purposes of the State's labor laws, as set forth in the sections of the California Labor Code, the California Code of Regulation and the Wage Order referenced elsewhere in this complaint, all of which promote compliance with labor laws and employment regulations by participants in Defendants' industry.

131.    Defendants' unfair and unlawful business practices thus have violated the sections of the Labor Code, California Code of Regulation and the Wage Order referenced in this complaint and have imposed harm on their employees and their competitors and will continue to do so until abated.  As a result of these unfair and unlawful business practices, Defendants have retained monies belonging to Plaintiffs and they have been unjustly enriched at Plaintiffs' expense.  Plaintiffs are entitled to restitution of the wages and monies withheld and retained by

-27-

*Fuapau v. Lhoist North America of Arizona, Inc.*                                        First Amended Complaint; Demand for Jury Trial
Case No. 20-cv-04404-VKD

Defendants during the relevant period and a preliminary and permanent injunction requiring

Defendants to pay all wages and sums due to Plaintiffs, to provide mandatory rest and meal

breaks, and to provide accurate and complete wage statements.

132.    As a direct and proximate result of Defendants' conduct, Plaintiffs have suffered injury and loss of money.

133.    This action will result in the enforcement of an important right affecting the public interest.  The conduct of Defendants as alleged herein has been and continues to be unfair, unlawful and harmful to Plaintiffs and the general public.  Accordingly, under Code of Civil Procedure § 1021.5, Plaintiffs are entitled to an award of reasonable attorneys' fees according to proof.

134.    WHEREFORE, Plaintiffs request relief as hereinafter prayed for.

## TENTH CAUSE OF ACTION
### (Retaliation in Violation California Labor Codes §§ 98.6 and 1102.5)
### (Plaintiff GABRIEL MENDOZA against Defendants)

135.    Plaintiffs hereby incorporate each of the preceding paragraphs of this Complaint as if fully alleged herein.

136.    MENDOZA was employed at LHOIST's Natividad Plant for just under 19 years. During the approximately 14 years prior to his termination, MENDOZA worked in the position of "HMS Lead" and enjoyed a regular schedule of daytime shifts, Monday through Friday from 5:00 a.m. to 3:00 p.m.  This work schedule had been granted to MENDOZA and maintained by his supervisor as part of a requested religious accommodation.  As was widely known by LHOIST management and employees at the Natividad Plant, MENDOZA is, and had been throughout his employment with Defendants, a practicing Jehovah's Witness.  Furthermore, as an appointed elder of the church, MENDOZA maintains an enhanced responsibility to his congregation, which includes weekend duties and event attendance, in addition to his expected attendance at regular church services.  During his 14 years as an HMS Lead, MENDOZA had successfully managed the position's requirement that he be available for emergency calls and urgent matters that sometimes required MENDOZA to work partial shifts on weekends, as he was able to schedule around these events to fulfill his weekend responsibilities as an elder.

-28-

*Fuapau v. Lhoist North America of Arizona, Inc.*     First Amended Complaint; Demand for Jury Trial
Case No. 20-cv-04404-VKD

1  However, MENDOZA's managers at the Natividad Plant are and were at all relevant times

2  aware that MENDOZA was unable to work regularly scheduled weekend shifts due to his

3  sincerely held religious beliefs and obligations.

4    137.    On or about May 18, 2020, MENDOZA was advised by LHOIST managers Frans

5  van Beuningen and Michael Penyacsek that MENDOZA's longstanding schedule

6  accommodation was being terminated effective immediately.  MENDOZA was given an

7  ultimatum to either accept and begin immediately working regularly scheduled shifts on both

8  Saturdays and Sundays, to include swing and graveyard shifts, or consent to a "voluntary layoff."

9  MENDOZA was not provided any explanation why his scheduled presence on weekends and/or

10  during swing and graveyard shifts was suddenly necessary.  Both MENDOZA and his union

11  representative, Rod Smalley, explained to explained to Mr. Van Beuningen and Mr. Penyacsek

12  that being forced to work regularly scheduled full shifts on Saturday and Sunday conflicts with

13  MENDOZA's religious obligations, practices, and beliefs.  Nevertheless, Mr. Van Beuningen

14  and Mr. Penyacsek responded that MENDOZA needed to accept the schedule change to keep his

15  job, refusing to engage in any discussion about other potential options or accommodations.

16    138.    After explaining that he could not abandon his religious obligations, practices,

17  and beliefs for his job, MENDOZA was instructed to report to the workplace the following day,

18  May 19, 2020, to pick up his final pay.  When MENDOZA reported to the Natividad Plant as

19  instructed, he was instructed to turn in all company-issued equipment but was not given the

20  option to collect his final pay.  Without request or authorization from MENDOZA, Defendants

21  mailed MENDOZA's final pay to his home address several days later, at the end of Defendants'

22  regular pay period.

23    139.    On or about May 22, 2020, MENDOZA sent a letter to Jared James, Plant Manager

24  for LHOIST's Natividad Plant, explaining that MENDOZA had been forced to choose between his

25  religion and his job and requesting that the company reconsider its decision to end MENDOZA's

26  longstanding schedule accommodation.  MENDOZA has not received any response from Mr. James

27  or LHOIST as of the date of this First Amended Complaint.

28    140.    MENDOZA is informed and believes and thereon alleges that Defendants' actions,

-29-

1   as described in this cause of action, were taken in retaliation for MENDOZA's participation in this

2   litigation and his concerns expressed regarding the wage and hour violations described herein

3   against Plaintiffs and others.

4       141.   Defendants' actions of retaliating against and discharging MENDOZA were in

5   violation of California law, including, but not limited to, Labor Code **§§** 98.6 and 1102.5, which

6   prohibit an employer from discriminating and retaliating against any person who exercises the rights

7   afforded that person under the California Labor Code and Industrial Welfare Commission Orders.

8       142.   As a direct and proximate result of Defendants' conduct, MENDOZA has suffered

9   economic damages in an amount to be proven at trial.  Such damages include, but are not limited

10  to, lost past wages, lost future wages, and certain other incidental and consequential expenses

11  and losses.

12      143.   As a further direct and proximate result of Defendants' conduct, MENDOZA has

13  suffered general, special and non-economic damages, including but not limited to, severe

14  emotional distress, humiliation and anxiety, in an amount to be proven at trial.

15      144.   In engaging in the above conduct, Defendants were guilty of malice, oppression

16  and fraud towards MENDOZA, thereby entitling MENDOZA to an award of punitive damages in

17  an amount to be proven at trial.

18      145.   WHEREFORE, MENDOZA requests relief as hereinafter prayed for.

19                  **ELEVENTH CAUSE OF ACTION**
                **(Wrongful Discharge in Violation of Public Policy)**
20              **(Plaintiff GABRIEL MENDOZA Against Defendants)**

21      146.   Plaintiffs hereby incorporate each of the preceding paragraphs of this Complaint

22  as if fully alleged herein.

23      147.   Defendants actions of retaliating against and discharging MENDOZA were in

24  contravention of public policy of the State of California.  Only after Defendants learned of

25  MENDOZA's participation in this wage and hour litigation was MENDOZA told that his work

26  schedule would be drastically altered to now include regularly scheduled shifts on both

27  Saturdays and Sundays, including swing and graveyard shifts for which MENDOZA had never

28  been scheduled before.  Defendants took such action with the knowledge that such working

-30-

1  conditions would be intolerable for MENDOZA, as they conflict with MENDOZA's religious

2  obligations and LHOST's former accommodation thereof.  Thus, Defendants intentionally and

3  knowingly created a situation whereby MENDOZA was forced to accept the purported

4  "voluntary layoff" suggested by Defendants.

5      148.    By discharging MENDOZA, as set forth above, Defendants violated the

6  fundamental, substantial, and well-established public policies of the State of California embodied

7  in Labor Code sections 98.6 and 1102.5.

8      149.    As a proximate result of Defendants' retaliatory and discriminatory actions

9  against MENDOZA as alleged above, MENDOZA has been harmed, and will continue to be so

10  harmed in the future in that MENDOZA has suffered, and will continue in the future to suffer,

11  the loss of the wages, salary, benefits and additional amounts of money MENDOZA would have

12  received had Defendants not conducted themselves as alleged herein; as a result, MENDOZA

13  has been damaged in an amount to be determined according to proof.

14      150.    As a further proximate result of Defendants' retaliatory actions against

15  MENDOZA as alleged above, MENDOZA has been harmed in that MENDOZA has suffered the

16  intangible loss of employment related opportunities, including, but not limited to, advancement

17  and promotion and others to which MENDOZA would be entitled as an employee in good

18  standing, with strong records of performance over nearly 19-years.  As a result of such conduct

19  and consequent harm, MENDOZA has suffered such damages in an amount to be determined

20  according to proof.

21      151.    As a further proximate result of Defendants' retaliatory actions against

22  MENDOZA as alleged above, MENDOZA has been harmed in that MENDOZA has suffered

23  emotional pain, humiliation, mental anguish, loss of enjoyment of life, and emotional distress.

24  As a result of such conduct and consequent harm, MENDOZA has suffered such damages in an

25  amount to be determined according to proof.

26      152.    In doing acts set forth above, Defendants acted with malice, fraud, oppression and

27  reckless disregard of MENDOZA's rights, such that punitive damages should be awarded.

28      153.    WHEREFORE, MENDOZA requests relief as hereinafter prayed for.

-31-

# PRAYER FOR RELIEF

WHEREFORE, Plaintiffs prays as follows:

## AS TO THE FIRST CAUSE OF ACTION

1.      That the Court declare, adjudge and decree that Defendants violated California Labor Code §§ 226.7, 512, 1198 and the Wage Order by willfully failing to provide all meal periods to Plaintiffs;

2.      That the Court grant an award to Plaintiffs of one (1) hour of pay at each employee's regular rate of compensation for each workday that a meal period was not provided;

3.      For all actual, consequential and incidental losses and damages, according to proof;

4.      For premiums pursuant to California Labor Code § 226.7(b);

5.      For prejudgment interest on any unpaid wages for the date such amounts were due;

6.      For all civil penalties and reasonable attorneys' fees and costs of suit incurred herein pursuant to California Labor Code §§ 210 and 211; and

7.      For such other further relief as the Court may deem equitable and appropriate.

## AS TO THE SECOND CAUSE OF ACTION

8.      That the Court declare, adjudge and decree that Defendants violated California Labor Code §§ 226.7, 512, 1198 and the Wage Order by willfully failing to provide all rest periods to Plaintiffs;

9.      That the Court grant an award to the Plaintiffs one (1) hour of pay at each employee's regular rate of compensation for each workday that a rest period was not provided;

10.     For all actual, consequential and incidental losses and damages, according to proof;

11.     For premiums pursuant to California Labor Code § 226.7(b);

12.     For prejudgment interest on any unpaid wages for the date such amounts were due;

13.     For all civil penalties and reasonable attorneys' fees and costs of suit incurred

-32-

1   herein pursuant to California Labor Code §§ 210 and 211; and

2        14.    For such other further relief as the Court may deem equitable and appropriate.

3                  **AS TO THE THIRD CAUSE OF ACTION**

4        15.    That the Court declare, adjudge and decree that Defendants violated California

5   Labor Code §§ 510 and 1198, and the Wage Order by willfully failing to pay overtime wages to

6   Plaintiffs;

7        16.    That the Court grant an award to Plaintiffs for Defendants willfully failing to pay

8   overtime wages due to Plaintiffs;

9        17.    For all actual, consequential and incidental losses and damages, according to

10  proof;

11       18.    For prejudgment interest on any unpaid wages for the date such amounts were

12  due;

13       19.    For all civil penalties and reasonable attorneys' fees and costs of suit incurred

14  herein pursuant to California Labor Code §§ 218.5, 218.6, and 558; and

15       20.    For such other further relief as the Court may deem equitable and appropriate.

16                **AS TO THE FOURTH CAUSE OF ACTION**

17       21.    That the Court declare, adjudge and decree that Defendants violated the record

18  keeping provisions of California Labor Code § 226 and the Wage Order as to Plaintiffs and the

19  Class Members that Defendants willfully failed to provide accurate itemized wage statements to

20  Plaintiffs and the Class Members;

21       22.    For all actual, consequential and incidental losses and damages, according to

22  proof;

23       23.    For statutory penalties pursuant to California Labor Code § 226(e);

24       24.    For injunctive relief to ensure compliance with Labor Code § 226(a), pursuant to

25  California Labor Code § 226(g);

26       25.    For all civil penalties and reasonable attorneys' fees and costs of suit incurred

27  herein pursuant to California Labor Code § 226.3; and

28       26.    For such other further relief as the Court may deem equitable and appropriate.

-33-

1

**AS TO THE FIFTH CAUSES OF ACTION**

2    27.    That the Court declare, adjudge and decree that Defendants violated California

3    Labor Code §§ 218, 221, 223, 1194, 1198 and the Wage Order by willfully failing to pay agreed

4    wages due to Plaintiffs;

5    28.    That the Court grant an award to Plaintiffs for Defendants willfully failing to pay

6    agreed wages due to Plaintiffs;

7    29.    For all actual, consequential and incidental losses and damages, according to

8    proof;

9    30.    For prejudgment interest on any unpaid wages for the date such amounts were

10    due;

11    31.    For all civil penalties and reasonable attorneys' fees and costs of suit incurred

12    herein pursuant to California Labor Code §§ 210, 211, 218.5, 218.6, and 1194; and

13    32.    For such other further relief as the Court may deem equitable and appropriate.

14    **AS TO THE SIXTH CAUSES OF ACTION**

15    33.    That the Court declare, adjudge and decree that Defendants violated California

16    Labor Code 204(b) by willfully failing to timely pay all compensation owed;

17    34.    For all actual, consequential and incidental losses and damages, according to

18    proof;

19    35.    For statutory wage penalties in favor of Plaintiffs, pursuant to California Labor

20    Code §§ 204, and 210;

21    36.    For prejudgment interest on any unpaid wages for the date such amounts were

22    due;

23    37.    For all civil penalties and reasonable attorneys' fees and costs of suit incurred

24    herein pursuant to California Labor Code §§ 210, 211, 218.5, 218.6, and 1194; and

25    38.    For such other further relief as the Court may deem equitable and appropriate.

26    **AS TO THE SEVENTH CAUSE OF ACTION**

27    39.    That the Court declare, adjudge and decree that Defendants violated Labor Code §

28    2802 and the Wage Order by willfully failing to pay for all necessary expenditures or losses

-34-

1    incurred by Plaintiffs;

2        40.    For all actual, consequential and incidental losses and damages, according to

3    proof;

4        41.    For premiums pursuant to Labor Code § 2802 and the Wage Order;

5        42.    For prejudgment interest on any unpaid reimbursements for the date such amounts

6    were due;

7        43.    For all civil penalties and reasonable attorneys' fees and costs of suit incurred

8    herein pursuant to California Labor Code §§ 210, 218.5, 218.6, 2699(f) and (g) and 2802; and

9        44.    For such other further relief as the Court may deem equitable and appropriate

10                    **AS TO THE EIGHTH CAUSE OF ACTION**

11        45.    That the Court declare, adjudge and decree that Defendants violated the California

12    Labor Code Private Attorneys General Act of 2004 and Labor Code § 2698 et seq., as a

13    consequence of their failure to provide meal and rest periods, failure to pay agreed wages and

14    compensation for work, failure to pay overtime wages, failure to provide accurate wage

15    statements, failure to pay all wages earned, failure to pay wages when due, failure to reimburse

16    work-related expenses, all of which violate the Labor Code and give rise to statutory penalties as

17    a result of such conduct, including but not limited to, penalties as provided by Labor Code §§

18    201, 202, 203, 204,  218, 218.5, 218.6, 223, 225.5, 226, 226.7, 227.3, 510, 512, 558, 1174, 1194,

19    1197, 1197.1, 1198, 1199, 2699, 2800, 2802, and 2699(f) and (g), and the Wage Order.

20        46.    That the Court grant an award to Plaintiff and the employees, of civil penalties as

21    prescribed by the Labor Code Private Attorneys General Act of 2004, including but not limited

22    to, statutory penalties for Plaintiff and the employees of Defendants against whom one or more

23    violations of the Labor Code was committed;

24        47.    For statutory penalties pursuant to California Labor Code § 2699(f);

25        48.    For all civil penalties and reasonable attorneys' fees and costs of suit incurred

26    herein pursuant to California Labor Code § 2699(g); and

27        49.    For such other further relief as the Court may deem equitable and appropriate.

28    / /

-35-

**AS TO THE NINTH CAUSE OF ACTION**

50.    That the Court declare, adjudge and decree that Defendants violated Business and Professions Code § 17200 et seq., by failing to provide all meal and rest periods, failing to pay for all missed meal and rest periods, failing to pay overtime premiums, failing to provide accurate and complete wage statements, failing to pay agreed wages, failing to timely provide all compensation due to them during their employment and failing to reimburse work related expenses.

51.    For restitution of unpaid wages and penalties to Plaintiffs, and for prejudgment interest from the day such amounts were due and payable;

52.    For the appointment of a Receiver to receive, manage and distribute any and all funds disgorged from Defendants and determined to have been wrongfully acquired by Defendants as a result of violation of Business and Professions Code § 17200 et seq.;

53.    For reasonable attorneys' fees and costs of suit incurred herein pursuant to Code of Civil Procedure § 1021.5;

54.    For injunctive relief to ensure compliance with this section, pursuant to Business and Professions Code § 17200 et seq.; and

55.    For such other and further relief as the Court may deem equitable and appropriate.

**AS TO THE TENTH AND ELEVENTH CAUSES OF ACTION**

56.    That the Court declare, adjudge and decree that Defendants violated California Labor Code §§ 98.6, 1102, applicable IWC Wage Orders, and in violation of public policy.

57.    For all actual, consequential and incidental losses and damages, according to proof;

58.    For restitution of unpaid wages and penalties to Plaintiff and for prejudgment interest from the day such amounts were due and payable;

59.    For reasonable attorneys' fees and costs of suit incurred herein pursuant to Code of Civil Procedure § 1021.5;

For such other further relief as the Court may deem equitable and appropriate.

/ /

-36-

1

## **DEMAND FOR JURY TRIAL**

2

Plaintiffs hereby demand trial of their claims by jury to the extent authorized by law.

3

Date: July 23, 2020                                    FITZPATRICK & SWANSTON

4                                                                           DIVERSITY LAW GROUP

5

6

7                                              By:  /s/ B. James Fitzpatrick
                                                        _____

8                                                       B. James Fitzpatrick, Esq.
                                                        Larry W. Lee, Esq.
9                                                       Attorneys for Plaintiffs,
                                                        SIONE FUAPAU, ALFREDO GODINEZ,
10                                                      GABRIEL MENDOZA, MANUEL VACA,
                                                        MICHAEL NAU, ANTONIO GUZMAN,
11                                                      JESUS GUERRERO, IVAN PACHECO,
                                                        and MIGUEL REYES, JR.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28