Scott P. Jang (State Bar No. 260191)
Julie Y. Zong (State Bar No. 309804)
Lynsey D. Johnson (State Bar No. 314287)
JACKSON LEWIS P.C.
50 California Street, 9th Floor
San Francisco, California 94111-4615
Telephone:   (415) 394-9400
Facsimile:    (415) 394.9401
E-mail:        Scott.Jang@jacksonlewis.com
E-mail:        Lynsey.Johnson@Jacksonlewis.com
E-mail:        Julie.Zong@jacksonlewis.com

Attorneys for Defendant
LHOIST NORTH AMERICA OF
ARIZONA, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SIONE FUAPAU, ALFREDO GODINEZ, GABRIEL MENDOZA, MANUEL VACA, MICHAEL NAU, ANTONIO GUZMAN, JESUS GUERRERO, IVAN PACHECO, and MIGUEL REYES, JR.<br><br>Plaintiffs,<br><br>v.<br><br>LHOIST NORTH AMERICA OF ARIZONA, INC.; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.: 5:20-cv-04404-VKD<br>ORDER RE<br>**JOINT NOTICE OF SETTLEMENT AND REQUEST TO TAKE MOTION FOR CLASS CERTIFICATION (DKT NO. 26) OFF CALENDAR**<br><br>Date:   September 21, 2021<br>Time:  10:00 a.m.<br>Court:  Courtroom 2<br>        San Jose Division<br><br>Re: Dkt. No. 37 |

Defendant Lhoist North America, Inc. ("Defendant") and Plaintiffs Sione Fuapau, Alfredo Godinez, Gabriel Mendoza, Manuel Vaca, Michael Nau, Antonio Guzman, Jesus Guerrero, Ivan Pacheco and Miguel Reyes, Jr. ("Plaintiffs") (collectively, the "Parties") wish to notify the Court that they have reached a proposed global resolution in this matter, after significant negotiations and two mediation sessions.

On February 26, 2021, the Parties participated in a full-day mediation with respected mediator Michael Loeb, Esq. However, the matter did not resolve and the Parties continued to litigate, including taking the deposition of Defendant's Person Most Qualified.

In compliance with the Court's scheduling order, on June 7, 2021, Plaintiffs moved for class certification. The hearing on Plaintiffs' Motion for Class Certification is currently set for September 21, 2021. Dkt. No. 35.

On September 1, 2021, the Parties participated in another mediation session with Mr. Loeb. The matter did not immediately settle, but Mr. Loeb made a mediator's proposal, which the Parties subsequently accepted. The proposed resolution includes an agreement for Plaintiffs to withdraw their now-pending Motion for Class Certification, without prejudice to Plaintiffs refiling if a settlement is not approved despite the Parties' full good faith efforts, along with other terms and conditions, including the filing of an amended complaint. The Parties are working to draft a global longform settlement agreement, which Plaintiffs will present to the Court for preliminary approval.

Accordingly, the Parties stipulate and request that the Court:

1. vacate the hearing on Plaintiffs' Motion for Class Certification (Dkt. No. 26), without prejudice to Plaintiffs refiling if a settlement is not approved despite the Parties' full good faith efforts, and all other pending dates and deadlines;

2. set an Order to Show Cause re: Failure to Move for Preliminary Approval in 90 days to allow the Parties to finalize the longform settlement agreement and prepare relevant documentation to submit to the Court for preliminary approval of the proposed class settlement.

///

///

**SO STIPULATED.**

Dated: September 17, 2021

JACKSON LEWIS P.C.

By:   /s/ Scott P. Jang
Scott P. Jang
Lynsey D. Johnson
Julie Y. Zong
Attorneys for Defendant
LHOIST NORTH AMERICA OF ARIZONA, INC.

Dated: September 17, 2021

FITZPATRICK & SWANSTON
DIVERSITY LAW GROUP

By:   /s/ Max W. Gavron[1]
Larry W. Lee
Max W. Gavron
B. James Fitzpatrick
Attorneys for Plaintiffs
SIONE FUAPAU, ALFREDO GODINEZ, GABRIEL MENDOZA, MANUEL VACA, MICHAEL NAU, ANTONIO GUZMAN, JESUS GUERRERO, IVAN PACHECO, and MIGUEL REYES, JR.

---

[1] Pursuant to Local Rule 5-1(i)(3), Defendant's counsel attests that Plaintiffs concurred in the filing of the present filing.

# [PROPOSED] ORDER

Pursuant to the Parties' stipulation and good cause appearing, the Court:

1. Vacates the hearing on Plaintiffs' Motion for Class Certification (Dkt. No. 26), without prejudice to Plaintiffs' refiling if a settlement is not approved despite the Parties' full good faith efforts, and all other pending dates and deadlines;

2. Sets an Order to Show Cause re: Failure to Move for Preliminary Approval in 90 days (December 15, 2021) to allow the Parties to finalize the longform settlement agreement, and prepare relevant documentation to submit to the Court for preliminary approval of the proposed class settlement; and

3. Orders Plaintiffs to move for preliminary approval on or before December 15, 2021. If Plaintiffs do not move for preliminary approval by then, the Court orders the Parties to submit a joint statement explaining the progress of their discussions and an anticipated date Plaintiffs will move for preliminary approval of the proposed settlement.

**IT IS SO ORDERED.**

Date:   September 17, 2021

_____
U.S. Magistrate Judge Virginia DeMarchi