UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SIONE FUAPAU, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>LHOIST NORTH AMERICA OF ARIZONA, INC.,<br><br>    Defendant. | Case No. 20-cv-04404-VKD<br><br>**ORDER GRANTING PRELIMINARY APPROVAL OF CLASS AND REPRESENTATIVE ACTION SETTLEMENT**<br><br>Re: Dkt. Nos. 51, 59 |

Plaintiffs Sione Fuapau, Alfredo Godinez, Gabriel Mendoza, Manual Vaca, Michael Nau, Antonio Guzman, Jesus Guerrero, Ivan Pacheco, and Miguel Reyes, Jr. filed this state law wage-and-hour action for themselves and on behalf of others similarly situated against their employer, defendant Lhoist North America of Arizona, Inc. ("Lhoist"). Dkt. No. 43. The parties agreed to a settlement, and plaintiffs moved for preliminary approval of that settlement, which Lhoist did not oppose. Dkt. Nos. 51, 53. After hearing oral argument on plaintiffs' motion on March 1, 2022, the Court denied the motion without prejudice on March 21, 2022, citing several concerns. Dkt. Nos. 55, 56. On April 22, 2022, the parties jointly submitted a supplemental brief in support of the motion for preliminary approval of the settlement. Dkt. No. 59.

Having considered the original briefing, oral argument, and the parties' supplemental brief, the Court now grants the motion for preliminary approval of the settlement.

**I.     OUTSTANDING ISSUES**

The Court does not repeat here its discussion of the claims, the Settlement Agreement, and the legal requirements for approval of a class action settlement, which are addressed in detail in the March 21, 2022 order. Dkt. No. 56. This order discusses the matters addressed in the parties'

supplemental briefing and how those matters impact the Court's consideration of the parties' request for preliminary approval of their settlement.

### A.   Adequacy of Representation

Previously, the Court concluded that it was unable to determine whether Mr. Mendoza, who separately settled his individual claims with Lhoist, could also adequately represent the interests of the putative class or whether he prioritized his own interests in his individual claims above those of the class. Dkt. No. 56 at 10–12. The parties' joint supplemental brief addresses the Court's concern (Dkt. No. 59 at 6–7), and the defendant has filed under seal Mr. Mendoza's individual settlement agreement for the Court's consideration (Dkt. No. 60-3). Given this information, the Court is satisfied that Mr. Mendoza adequately represents the interests of the class. The Court concludes that all named plaintiffs, including Mr. Mendoza, meet the adequacy requirement.

### B.   Strength of Plaintiffs' Case and Risks of Further Litigation

Previously, the Court found plaintiffs' discussion of the merits and risks of further litigation insufficient. Dkt. No. 56 at 16–17. The parties' joint supplemental brief addresses the Court's concerns. Dkt. No. 59 at 7–14. That briefing explains in detail the strengths and weaknesses of plaintiffs' wage and hour claims, including an evaluation of Lhoist's defenses based on the existence of collective bargaining agreements (CBAs), waivers, and releases. *Id.* at 10–11, 12–14.

Given this information, the Court is satisfied that plaintiffs have shown that the putative class faces substantial risks in proceeding with this litigation. Accordingly, this factor weighs in favor of preliminary approval of the settlement.

### C.   Amount Offered in Settlement

Previously, the Court concluded that it was unable to ascertain whether the amount of the settlement is fair, adequate, and reasonable. Dkt. No. 56 at 17–18. The Court noted that the gross settlement amount ($320,000) represents 11.65% of the potential recovery and the net settlement amount ($167,083.33) represents 6.08% of the potential recovery. *Id.* at 17. Although plaintiffs pointed to other cases where courts have granted preliminary approval to a settlement amount

representing a similar percentage of the estimated potential recovery, the Court observed that in these other cases, the parties discussed and analyzed the specific factors bearing on likely exposure and risks impacting possible recovery and how those considerations informed the proposed settlement amount. *Id.* at 18.

The parties' supplemental briefing on this point, as well as its discussion of the strength and weaknesses of plaintiffs' case, adequately addresses the Court's concerns. Dkt. No. 59 at 7–14, 15–17. For example, the parties explain that even if plaintiffs were successful in certifying the class and defeating Lhoist's CBA-related defenses, Lhoist could nevertheless argue that any Labor Code violations were limited only to particular shifts. *Id.* at 15. The parties further explain that Lhoist would also have argued that plaintiffs' PAGA claims were unmanageable and should be stricken. *Id.* at 16–17. Even if plaintiffs' PAGA claims were not stricken, the amount of PAGA penalties possibly available is uncertain given Lhoist's contention that it made a good faith effort to comply with the Labor Code. *Id.* at 16.

Given this information, the Court is satisfied that plaintiffs have shown that the amount of the settlement is fair, reasonable, and adequate. This factor weighs in favor of preliminary approval of the settlement.

### D. Adequacy of Notice and Plan for Distribution

Previously, the Court concluded that although the proposed class notice was adequate in most respects, the notice did not fully explain what it means to be bound by a class-wide judgment under Rule 23(c)(3). Dkt. No. 56 at 19. Further, the Court was concerned that the plan to issue a single mailed notice would provide no other means of reaching employees, particularly former employees who might be difficult to reach by mail. *Id.*

The parties' supplemental brief addresses the Court's concerns regarding the adequacy of notice by mail. Dkt. No. 59 at 17–18. The parties point out because the settlement is structured as a non-reversionary fund from which all class members will benefit unless they affirmative choose to be excluded, the concerns discussed by the Ninth Circuit in *Roes, 1–2 v. SFBSC Mgmt.*, 944 F.3d 1035, 1045–58 (9th Cir. 2019) are not present here. Moreover, given the procedures the claims administrator is required to follow to identify a valid mailing address for class members, all

of whom are current or former employees, the parties persuasively argue that mailing is likely to provide effective notice to most class members. *Id.* at 17-18. In addition, the parties propose that if a mailing is returned as undeliverable and a valid mailing address cannot be identified, the claims administrator will email the notice. *Id.* at 18. The Court is satisfied that these procedures constitute the best notice practicable under the circumstances.

In addition, the Court is satisfied that the proposed notice adequately explains what it means for a class member who does not opt out to be bound by a class-wide judgment. Dkt. No. 51-1 at 3–5. For example, the notice provides: "If you choose Option 1 [Do Nothing and Receive a Settlement Payment], and if the Court grants final approval of the settlement, you will give up your right to sue Defendant for the above-listed claims in exchange for your Settlement payment." *Id.* at 4. The notice also explains that those who choose Option 2 [Opt Out of the Settlement] will be barred from participating in the settlement but will not have been deemed to have released the Released Claims. *Id.* at 5. Finally, the notice explains that those who choose Option 3 [Submit an Objection] will be deemed to have released the Released Claims. *Id.* For all three options, the notice provides that the putative class member will release the PAGA claims. *Id.* at 4–5.

Given this information, the Court is satisfied that the proposed class notice and plan for distribution is adequate. This factor weighs in favor of preliminary approval of the settlement.

### E. Proposed attorneys' fees award and preferential treatment

Previously, the Court observed that although the proposed distribution of the settlement fund does not appear to grant preferential treatment to any class members, the proposed attorneys' fee award of up to $106,666.67 represents 33.33% of the gross settlement amount and 63.84% of the proposed net settlement amount. Dkt. No. 56 at 20. These percentages are greater than the Ninth Circuit's 25% "benchmark" for a reasonable fee award. *Id.* (citing *In re Bluetooth Headset Prods. Liability Litig.*, 654 F.3d 935, 942 (9th Cir. 2011)). The Court expressed that the present record does not support an award of fees greater than 25% of the gross settlement amount. *Id.*

The parties' supplemental brief represents that plaintiffs will move for an award of fees amounting to no more than 25% of the gross settlement amount. Dkt. No. 57 at 3. Given this information, the Court is satisfied that this factor weighs in favor of preliminary approval of the

settlement.

### F. Absence of Collusion

Previously, the Court expressed concern that because class counsel proposed to receive a disproportionate distribution of the settlement and because the Court lacked information about Mr. Mendoza's individual claims and their resolution, the Court could not adequately evaluate this factor. Dkt. No. 56 at 20.

For the reasons described above, the parties' supplemental brief sufficiently addresses the Court's concerns. Given this information, the Court is satisfied that this factor weighs in favor of preliminary approval of the settlement.

## II. CONCLUSION

For the foregoing reasons, the Court grants plaintiffs' motion for preliminary approval, conditionally certifies the class, and approves the proposed form of notice. The Court also concludes that Mr. Mendoza is as an adequate class representative. The Court will enter a separate order regarding further proceedings.

**IT IS SO ORDERED.**

Dated: May 11, 2022

VIRGINIA K. DEMARCHI
United States Magistrate Judge